345 So.2d 1099 (1977)
In re ESTATE of Dorothea A. ULM, Deceased.
No. 76-1396.
District Court of Appeal of Florida, Second District.
May 13, 1977.
Valentine Gabaldon, West Palm Beach, for appellant.
Allen J. Levin, Port Charlotte, for appellee.
*1100 OTT, Judge.
The appellant, sister of the testatrix, appeals from an order dismissing with prejudice the appellant's petition to revoke probate of the testatrix's will. The petition sought relief on two grounds: (1) that the gift to certain charities as residuary beneficiaries was voidable under Section 731.19, Florida Statutes (1973), and (2) that the will was the product of undue influence. The trial court's dismissal with prejudice necessarily foreclosed the relief sought on each ground. The trial court apparently thought that the appellant's failure to perfect service of process as directed by the court's order required dismissal of the petition. We disagree and, therefore, reverse in part.
Although a trial court has the inherent power to impose the sanction of dismissal as a coercive and disciplinary measure, the law abhors denial of access to the courts for any reason other than the willful abuse of the processes of the court. Rashard v. Cappiali, 171 So.2d 581 (Fla. 3d DCA 1965). Dismissal of an action with prejudice is a drastic punishment which should not be imposed unless the actions of the party show a deliberate and insubordinate disregard for the court's authority. State v. Fattorusso, 228 So.2d 630 (Fla. 3d DCA 1969).
In the case at hand, the petition was filed after the effective date of the new Florida Probate Code. Apparently, however, the appellant's counsel proceeded according to former probate practice under which service of original process was by citation through the court. See Section 732.09, Florida Statutes (1973). Consequently, the appellant's counsel did not serve a copy of the petition upon the appellee. Nonetheless, the appellee obtained a copy of the petition shortly after it was filed. The appellee promptly filed a motion attacking the timeliness of the petition and seeking dismissal of the petition for failure to serve the petition upon all interested parties. The motion resulted in an order of the trial court which directed, in part, that the appellant "shall have ten days from this Order to perfect service of her petition upon all interested parties... ." There were approximately 18 interested parties. Service of the petition was to be by any form of mail requiring a signed receipt. Fla.R.P. & G.P. 5.040. This order was signed on a Saturday. On the following Monday, the date that the order was mailed to counsel, the appellant served her petition on 17 of the interested parties by registered mail. Unfortunately, the appellee was not among the parties served on this date. Thirteen days after the order was signed ("eleven days after the order was mailed to counsel and ten days after the order was filed"), the appellant served a copy of her petition upon the appellee by certified mail. The appellee admits receipt of a copy of the petition a short time later. Thus, at the outset the appellee had notice of the petition and does not contend that he was not fairly apprised of the contents of the petition.
Although the appellant's actions may not have been in literal compliance with the lower court's order, they were in very substantial compliance, which refutes any willfulness in failing to comply. Dismissal for failure to literally comply with the court's directive was a harsh penalty unwarranted by the circumstances. Its imposition was a reversible abuse of discretion.
Since this cause will be remanded to the trial court for further proceedings on the appellant's petition, we note that the appellant is without standing to avoid the charitable gifts under Section 731.19, Florida Statutes (1973). That statute clearly limits the right of challenge to those persons who would take an interest in the gift avoided and who are: the issue of the testator's body, adopted children, lineal descendents of the testator's issue or adopted children, and the testator's spouse. The appellant, the testatrix's sister, was not shown to be a member of one of these specifically enumerated statutory classes. Consequently, on remand the appellant may not challenge the charitable devises but should be heard on the merits of her petition to revoke *1101 probate of the will on her asserted grounds of undue influence.
REVERSED and REMANDED for further proceedings consistent with this opinion.
McNULTY, Acting C.J., and GRIMES, J., concur.