358 So.2d 241 (1978)
Frederick J. HOHL and Clara Hohl, Individually and As Administrators of the Estate of Norman Kent Hohl, Appellants,
v.
CROOM MOTORCROSS, INC., a Florida Corporation, and National Automobile Racers Insurance Company, a Foreign Corporation, Appellees.
No. 77-2006.
District Court of Appeal of Florida, Second District.
May 5, 1978.
John M. Edman of Meros, Coit, Edman & Meros, St. Petersburg, for appellants.
*242 Charles P. Schropp of Shackleford, Farrior, Stallings & Evans, Tampa, for appellees.
DANAHY, Judge.
This wrongful death case came to us as an interlocutory appeal from an order denying a motion to file an amended complaint. The order may not be reviewed by interlocutory appeal, but we choose to treat the appeal as a petition for certiorari. Certiorari is granted and the order is quashed.
Petitioners' decedent died on April 14, 1974 from injuries sustained in an accident on a motorcycle racetrack which occurred on April 7, 1974. A two-year statute of limitations applied to actions for wrongful death.
On April 2, 1976, petitioners filed this action for their decedent's wrongful death, naming as defendants Croom Motorcross, Inc. and National Automobile Racers Insurance Company. The former was described in the complaint as the owner and operator of the racetrack in question at all material times; the latter was named as the liability insurer.
On January 24, 1977, petitioners took the deposition of Samuel G. Varn, president of Croom Motorcross, Inc. He testified that Croom Motorcross, Inc. operated the racetrack. However, his further testimony revealed that Croom Motorcross, Inc. was incorporated sixteen days after the accident which caused the death of petitioners' decedent and its incorporation was stimulated by that event; that prior to the incorporation of Croom Motorcross, Inc., the racetrack in question was operated by Samuel G. Varn and H. Fred Varn, his brother, as a partnership; and that the brothers and their mother were the sole stockholders and officers in the corporation subsequently formed. Samuel G. Varn further testified that the name of the predecessor partnership business was "The Pitstop Presents." However, his testimony also indicated that while operated by the partnership, the racetrack (or a race or races there) used the name "Croom Motorcross" and that the racetrack was located in an area known to motorcycle riders as "The Croom." Finally, Samuel G. Varn testified that the correct name of the liability insurer of the racetrack was National Auto Racing Services, Inc.
On February 11, 1977, petitioners moved for leave to file an amended complaint. The proposed amended complaint, which was attached to the motion, was identical to the original complaint except that the defendants therein named were described as "Sam Varn and H. Fred Varn, individually, and doing business as The Pitstop Presents and National Auto Racing Services, Inc., a foreign corporation." The trial judge denied the motion for leave to file an amended complaint, apparently on the basis that, as to the defendants named in the proposed amended complaint, the statute of limitations barred petitioners' action. We believe the trial judge should have granted the motion.
In the trial court and in this court, petitioners' argument in support of the motion centered on their contention that former Section 734.27, Florida Statutes (1973), which was in effect on the date the cause of action accrued, applied to the action and prevented the bar of the statute of limitations.[1] That statute was repealed effective July 1, 1975. Even if, despite its repeal, the statute were available to petitioners, it clearly did not and cannot here apply to an action for wrongful death.
Petitioners, however, pose an alternative argument which has merit. They assert that the proposed amended complaint should have been allowed because, under Fla.R.Civ.P. 1.190, it would relate back to the filing of the original complaint. Rule 1.190 provides in part as follows:

*243 (a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party and leave shall be given freely when justice so requires.

.....
(c) Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading. (emphasis added)
It is clear that, under some circumstances, an amendment of a complaint to add defendants or substitute defendants will be deemed to relate back to the time of the filing of the original complaint and thus defeat the bar of the statute of limitations. In Cabot v. Clearwater Construction Company, 89 So.2d 662 (Fla. 1956), the supreme court adopted a liberal approach in reversing an order denying a motion to amend so as to change the description of the defendant. There the initial complaint named as a defendant "Clearwater Construction Company, a corporation organized and existing under the laws of the State of Florida." The court held that the trial judge should have permitted an amendment showing the defendant to be "Robert M. Snyder, doing business as Clearwater Construction Company, not incorporated." The court recognized that, if the complaint were dismissed and the filing of a new suit required, the action might have been barred by the applicable statute of limitations. The court characterized the case as being one of "misnomer" and made the following observation:
The amendment requested would not in any fashion change the cause of action. Actually, according to the return of the sheriff the real party-defendant was served. His own special appearance and participation in the cause suggests that he obviously had notice of the proceeding against him. Id. at p. 665.
Following Cabot, several Florida cases have extended the misnomer rule further. Those cases suggest that an amendment should be permitted where the originally named defendant is related to the proper defendant and, through its participation in the proceedings or otherwise, has led the plaintiff to believe that the correct defendant was sued. Argenbright v. J.M. Fields Co., 196 So.2d 190 (Fla.3d DCA 1967); Galuppi v. Viele, 232 So.2d 408 (Fla.4th DCA 1970) and B & H Sales, Inc. v. Fusco Corporation, 342 So.2d 105 (Fla.2d DCA 1977).[2] In each of these cases, circumstances were found which made it unfair or unjust to deny the plaintiff the right to change the defendant so as to avoid the bar of the statute of limitations.
The portion of the record below included in petitioners' appendix does not reveal whether the facts in this case fit the *244 holdings in Cabot and its progeny; however, there is enough here to persuade us that this case should be remanded so that the trial judge can make that determination. Such a determination may require further proceedings to ascertain all of the pertinent facts.
We know that Samuel G. Varn and his brother, H. Fred Varn, are two of the three stockholders and officers of Croom Motorcross, Inc. and were the sole partners in the predecessor business. We also know that the name of the corporation is the same as a name used by the partnership in the operation of the racetrack. And we know that the attorneys representing Croom Motorcross, Inc. appeared below and in this court to argue on behalf of the predecessor partnership in opposition to petitioners' motion to file an amended complaint.
We do not know on whom service of process was made with respect to the original complaint, and when. We do not know what defensive pleadings have been filed by Croom Motorcross, Inc., and when. And we do not know what facts, if any, may be present which would support a conclusion that petitioners were misled into believing that Croom Motorcross, Inc. was the correct party defendant.
Had the trial judge granted the motion for leave to file the amended complaint, and had the new defendants asserted the statute of limitations by way of defense, petitioners would have had an opportunity to present proper arguments against the bar of the statute of limitations. Denial of the motion constituted a departure from the essential requirements of the law which effectively foreclosed petitioners from their day in court without an adequate remedy by appeal.
The petition for certiorari is granted. The order below is quashed and this cause is remanded for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and GRIMES, J., concur.
NOTES
[1] Former § 734.27 provided:

If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof and the cause of action survives, the action may be commenced by his personal representative after such expiration and within twelve months from the granting of letters.
(Letters of administration were issued to petitioners ten months prior to their motion to file an amended complaint.)
[2] The same rules developed by the federal courts were incorporated in Federal Rule of Civil Procedure 15(c) in 1966 by the addition of the second sentence:

(c) Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. (emphasis added)
The 1966 amendment to the federal rule embraces both an estoppel test and cases of misnomer. 3 Moore's Federal Practice, Para. 15.15, at 1050 (2d Ed. 1974).