BASKIN, Judge.
The appeal questions the propriety of the court’s dismissal of appellant’s complaint with prejudice based upon counsel’s failure to comply with local court rules designed to preclude forum-shopping. We reverse.
Appellant El Mundo Supermarket, Inc. originally brought an action to foreclose a chattel mortgage. While that proceeding was pending, El Mundo filed an identical complaint in a new case without referring the clerk to the prior action as required by local court rules. Appellees sought dismissal of the second action alleging the existence of the prior action. The motion was denied at that time. Eventually, the first case was dismissed for lack of prosecution. Approximately a year and a half after the dismissal of the first complaint, appellant filed a motion requesting the administrative judge to transfer the case to the judge assigned in the original cause. The motion was denied. Appellees then filed a motion to dismiss predicated upon appellant’s failure to comply with applicable rules of procedure. The trial court agreed and dismissed the complaint with prejudice.
Appellees contend that counsel’s failure to file a “Notice to the Clerk of Previous Filing” in accordance with Rule 10 of the Local Rules of Practice in the General Jurisdiction Division of the Circuit Court of the Eleventh Judicial Circuit (Dade County, 1976) indicates that counsel was forum-shopping and that dismissal was appropriate. Fla.R.Civ.P. 1.420(b).
We hold that dismissal with prejudice under these circumstances is too severe a penalty to impose upon the litigants for counsel’s failure to obtain a transfer to the original judge. The law abhors denial of access to the courts for any reason other than the willful abuse of the processes of the court. Rashard v. Cappiali, 171 So.2d 581 (Fla.3d DCA 1965). Dismissal with prejudice is a drastic punishment absent deliberate and insubordinate regard for the court’s authority. In re Estate of Ulm, 345 So.2d 1099 (Fla.2d DCA 1977); State v. Fattorusso, 228 So.2d 630 (Fla.3d DCA 1969). We note that there was no impediment to appellee seeking a transfer to the original division.
Dismissal of the first complaint for lack of prosecution should not have operated as a bar to the filing of the second action and the trial court erred in entering its order of dismissal. Hassenteufel v. Howard Johnson, Inc. of Florida, 52 So.2d 810 (Fla.1951); Tapper v. Taunton, 371 So.2d 595 (Fla. 1st DCA 1979).
Reversed and remanded.