550 So.2d 531 (1989)
Clifton W. ANDERSON and Carol Anderson, Appellants,
v.
EMRO MARKETING COMPANY, F/K/a Checker Oil Company of Florida, Inc., et al., Appellee.
No. 88-71.
District Court of Appeal of Florida, First District.
October 20, 1989.
Robert A. Mick of Henry, Buchanan, Mick & English, Tallahassee, for appellants.
Michael T. Callahan, Tallahassee, for appellee.
ZEHMER, Judge.
Clifton W. Anderson and Carol Anderson seek review of an order dismissing their third amended complaint with prejudice. They maintain that the applicability of the statute of limitations did not appear on the face of the dismissed complaint, and that the sanction of dismissal with prejudice for violating Florida Rule of Civil Procedure 1.190(a) was too harsh. We reverse.
On July 14, 1986, the Andersons filed their initial complaint for personal injuries resulting from a slip and fall accident occurring at the Tallahassee Hilton on July 16, 1982.[1] The complaint named "Tallahassee Hotel Associates, an Illinois general partnership d/b/a Tallahassee Hilton," as the defendant. A copy of the complaint was not served on Tallahassee Hotel Associates, however.
On October 3, 1986, the Andersons filed an amended complaint naming "Pratt Hotel Corporation, a Delaware corporation, d/b/a Tallahassee Hilton Hotel," as the defendant. The amended complaint did not refer to Tallahassee Hotel Associates. The Andersons served a copy of the amended complaint on Pratt Hotel Corporation, but Pratt did not file a responsive pleading.
On June 12, 1987, the Andersons filed a second amended complaint naming "Tallahassee Hotel Associates, an Illinois General Partnership d/b/a Tallahassee Hilton Hotel," as the defendant; this complaint did not name Pratt Hotel Corporation as a defendant. The record does not disclose that the Andersons sought or received leave of court to file the second amended complaint, and, although the Andersons contend that the parties stipulated to the allowance of *532 the second amended complaint, there is nothing in the record to support this contention. The Andersons did not serve a copy of the second amended complaint on Tallahassee Hotel Associates.
On July 14, 1987, the Andersons filed a third amended complaint naming "Emro Marketing Company f/n/a Checker Oil Company of Florida, Inc., a Florida Corporation, Monte R. Sharp, Vincent A. Salano, Jr., George A. Petrulis, doing business as a partnership under the name of Tallahassee Hotel Associates, an Illinois General Partnership d/b/a Tallahassee Hilton Hotel," as the defendants. Once again, the Andersons did not obtain a written stipulation nor leave of court before filing the amended complaint.
Defendant Emro Marketing Company moved to dismiss the third amended complaint asserting that the Andersons filed the amended pleadings without leave of court and that the statute of limitations barred the action. After reviewing the motion and the pleadings, the court entered an order dismissing the third amended complaint with prejudice. The court order of dismissal stated that the affirmative defense of the statute of limitations appeared on the face of the pleadings, that there was no showing that the defendants named in the third amended complaint had any relationship to the defendant named in the initial complaint, that the initial complaint was dismissed when the first amended complaint was filed naming only Pratt Hotel Corporation as the defendant, and that no leave of court was sought to allow any pleadings to relate back to allegations contained in the initial complaint.
As a general rule, the statute of limitations should be raised as an affirmative defense in the answer, rather than as a ground for a motion to dismiss. However, if the facts constituting the defense appear affirmatively on the face of the complaint, the statute of limitations may be raised by motion to dismiss. Fla.R.Civ.P. 1.110(d); Evans v. Parker, 440 So.2d 640, 641 (Fla. 1st DCA 1983); Adams v. Knabb Turpentine Co., 435 So.2d 944, 947 (Fla. 1st DCA 1983). In considering a motion to dismiss a complaint, the trial court is confined to the allegations contained within the four corners of the complaint, and all allegations must be taken as true. Chaires v. North Florida Nat'l Bank, 432 So.2d 183, 184 (Fla. 1st DCA 1983).
In this case, the trial court could not determine from the face of the third amended complaint whether the change in the name of the parties corrected a misnomer, or substituted an entirely new party having no relationship to the originally-named party. If, as the Andersons contend, this complaint merely corrected a misnomer, then application of the relation-back theory would have precluded dismissal on the ground that the suit was barred by the statute of limitations. See Francese v. Tamarac Hospital Corporation, 504 So.2d 546, 547 (Fla. 4th DCA 1987). Conversely, however, if the amendment was intended to bring a new party into the suit, the relation-back theory would not have been applicable and dismissal on time-barred grounds would have been proper. Id. That the court needed further information to determine this issue is shown by its observation that there was "no showing that the Defendants which bring this motion have any relationship to Hilton Inns, Inc." Thus, we hold that the court erred in dismissing the complaint with prejudice on the ground that the affirmative defense of the statute of limitations appeared on the face of the pleadings. On remand, this issue should be determined after an evidentiary hearing wherein the Andersons will be permitted to present evidence supporting their contentions.
The Andersons also argue that the court erred in dismissing the third amended complaint with prejudice for their failure to obtain leave of court or written consent of the defendants prior to filing the second and third amended complaints as required by Rule 1.190(a). While the appealed order mentions that the Andersons did not seek or receive leave of court to file the second amended complaint, the order does not expressly state that dismissal was alternatively grounded on the Andersons' failure to comply with Rule 1.190(a). However, *533 because the parties have argued this issue on appeal, and in light of the fact that we are remanding the case for further proceedings, we point out that dismissal of an action with prejudice is a severe sanction that should not be imposed unless the actions of a party show a deliberate and insubordinate disregard for the court's authority. In re Ulm's Estate, 345 So.2d 1099, 1100 (Fla. 2d DCA 1977); El Mundo Supermarket, Inc. v. Michelsa Supermarket, Inc., 388 So.2d 324, 325 (Fla. 3d DCA 1980). Absent such a finding, it would be error to dismiss the action with prejudice for noncompliance with Rule 1.190(a).
The appealed order is reversed and the cause is remanded for further proceedings consistent herewith.
ERVIN and WENTWORTH, JJ., concur.
NOTES
[1] The four-year limitation period for this action allegedly expired on July 16, 1986, which was two days after the complaint was filed. See § 95.11(3)(a), Fla. Stat. (1981).