611 So.2d 23 (1992)
Jimmy F. WRIGHT, Appellant,
v.
J. James ALLEN, Esquire, et al., Appellees.
No. 91-3701.
District Court of Appeal of Florida, First District.
December 22, 1992.
Jimmy F. Wright, pro se.
Kevin P. Steiger of Kattman & Eshelman, P.A., Jacksonville, for appellees.
ALLEN, Judge.
The appellant challenges an order dismissing his civil action with prejudice. We conclude that in the circumstances of this case it was error to enter such a dismissal.
The appellant's civil action was predicated on allegations of legal malpractice and other claims related to an earlier criminal conviction. In this civil action the appellant was sometimes represented by counsel, *24 and at other times he proceeded pro se. After counsel filed a notice of voluntary dismissal, the pro se appellant moved to set aside the voluntary dismissal, asserting that it was filed against his interests and without his knowledge. The court granted this motion, and allowed the appellant a fixed time to obtain representation by new counsel. When this time expired without an appearance by any new counsel, motions to dismiss were filed by various opposing parties and another involved entity. The court then entered the challenged order dismissing the action with prejudice.
The challenged order did not provide any explanation for the dismissal. On appeal the appellees contend that dismissal was appropriate pursuant to Florida Rule of Civil Procedure 1.420(b), as a sanction for the appellant's failure to obtain new counsel within the time allowed in the court's order. While this ultimate sanction may be appropriate in aggravated situations, see e.g., Johnson v. Landmark First National Bank, 415 So.2d 161 (Fla. 4th DCA 1982), this generally requires a deliberate and insubordinate disregard of the court's authority, so as to amount to a willful abuse of the process. See El Mundo Supermarket, Inc. v. Michelsa Supermarket, Inc., 388 So.2d 324 (Fla. 3d DCA 1980); In re: Estate of Ulm, 345 So.2d 1099 (Fla. 2d DCA 1977). Although there may be some question as to whether the pro se appellant's failure to obtain new counsel would constitute such willful abuse, we find it unnecessary to resolve this question in the present appeal. In Commonwealth Federal Savings & Loan Ass'n. v. Tubero, 569 So.2d 1271 (Fla. 1990), the supreme court held that a trial court must make specific written findings reflecting the deliberate or willful nature of the conduct in order to impose such a sanction of dismissal. See also, Carillon Corp. v. Devick, 554 So.2d 630 (Fla. 4th DCA 1989). These findings were not made in the present case, and the dismissal is thus not a proper exercise of the court's authority under rule 1.420(b).
As an alternative justification, the appellees argue that dismissal is appropriate pursuant to Florida Rule of Civil Procedure 1.420(e), as a sanction for the appellant's failure to prosecute the action. However, such a dismissal under rule 1.420(e) must be without prejudice. See e.g., Kohly v. Wallach, 580 So.2d 880 (Fla. 3d DCA 1991); Henson v. Whorf, 466 So.2d 23 (Fla. 5th DCA 1985); see also, Bair v. Palm Beach Newspapers, Inc., 387 So.2d 517 (Fla. 4th DCA 1980). Furthermore, the court's earlier order which granted the appellant's motion to set aside the notice of voluntary dismissal effectively reinstated the case. This order was in itself sufficient record activity within the necessary time period to preclude a dismissal for failure to prosecute. See Bair. The dismissal is thus not a proper exercise of the court's authority under rule 1.420(e).
The challenged order of dismissal is accordingly reversed, and the cause is remanded.
WOLF, J., concurs.
WEBSTER, J., concurs in result only.