GODERICH, Judge.
The plaintiffs, Eric and Tina Schwartz, appeal from a final order granting the motion to dismiss of the defendant, Metro Limo, Inc. [Metro Limo]. We reverse.
*202 On January 8, 1988, Eric Schwartz’ car was rear-ended by a taxicab. The taxi had the logo “Metro Taxi” on its door. On December 2, 1991, Schwartz and his wife filed a negligence action against Metro Taxi Cab Company, Inc. [Metro Taxi Cab] alleging that Metro Taxi Cab either owned, maintained, or controlled the taxicab that was involved in the January 8th accident and that it was vicariously liable for the negligent acts of its employee, the taxicab driver.
On December 20, 1991, Metro Taxi Cab filed a motion to dismiss based on insufficiency of service of process. Seven months later, on July 24, 1992, that motion was denied.
After filing an answer denying the allegations contained in the complaint and asserting several affirmative defenses, Metro Taxi Cab filed a motion for summary judgment. In support thereof, the defendant filed the affidavit of Sigmund Zilber, its corporate secretary; the accident report; and the vehicle registration. These documents showed that Metro Taxi Cab neither owned the taxicab nor employed the taxicab driver involved in the January 8th accident. Consequently, the trial court granted Metro Taxi Cab’s motion for summary judgment.
Meanwhile, the plaintiffs took Zilber’s deposition. The deposition revealed that Metro Limo might be a proper defendant. Consequently, the plaintiffs moved to amend their complaint to add Metro Limo as a defendant. The trial court granted the motion, and the plaintiffs filed an amended complaint alleging that Metro Limo either owned, maintained, or controlled the taxicab and that it was vicariously liable for the taxicab driver’s negligent acts.
Metro Limo filed a motion to dismiss alleging that the action was barred by the applicable statute of limitations. The plaintiffs’ argued that because the two entities, Metro Limo and Metro Taxi Cab, were related, the amended complaint against Metro Limo should “relate back” to the time of the filing of the original complaint against Metro Taxi Cab. The trial court rejected the plaintiffs’ argument and granted Metro Limo’s motion to dismiss. The plaintiffs timely filed their notice of appeal from that order.
While on appeal, the plaintiffs filed a motion in this Court to relinquish jurisdiction alleging that they had discovered new evidence tending to show that Metro Limo and Metro Taxi Cab were related entities and that such evidence should be presented to the trial court by way of a motion to set aside judgment. This Court granted the motion and relinquished jurisdiction.
The trial court then conducted an eviden-tiary hearing and based, in part, on Zilber’s deposition and on corporate records from the Secretary of State, made the following findings of fact:
1. That Metro Taxi Cab Company, Inc., has never done any business.
2. That Metro Limo, Inc., permitted taxicabs which paid it a weekly fee to use the logo “Metro Taxi” and Metro phone number on the side of its taxicab.
3. That Sigmund Zilber was the principle [sic] operating officer of both corporations.
4. That both corporations operated from the same premises.
5. That Sigmund Zilber refused to answer in whose name or whose account the telephone number appearing on the side of the taxicab is held.
6. That the attorney representing both corporations is the same.
Lastly, the trial court opined “[t]hat Sigmund Zilber has, through the use of numerous interrelated corporations, created a minefield for the unwary accident victim.”[1]
Based on these findings, the plaintiffs contend that the trial court’s final order granting Metro Limo’s motion to dismiss should be reversed. We agree.
“It is clear that, under some circumstances, an amendment of a complaint to add defendants or substitute defendants will be deemed to relate back to the time of the filing of the original complaint and thus defeat the bar of the statute of limitations.” *203 Hohl v. Croom Motorcross, Inc., 358 So.2d 241, 243 (Fla. 2d DCA 1978). In Hohl, the Second District explained that relation back is proper where , there is a “misnomer” and further, “where the originally named defendant is related to the proper defendant and, through its participation in the proceedings or otherwise, has led the plaintiff to believe that the correct defendant was sued.” Hohl, 358 So.2d at 243. In the instant ease, we believe that relation back is proper because the originally named defendant, Metro Taxi Cab, was related to the proper defendant, Metro Limo, and, through its participation in the proceedings led the plaintiff to believe that the correct defendant had been sued.
Metro Limo argues that it had no duty to inform the plaintiffs attorney that he sued the wrong defendant before the statute of limitations had run. We agree that
[w]hile it is true that, as a general rule, there would be no obligation upon either [the original defendant or its] attorney, to advise .plaintiffs attorney of his mistake, before the Statute of Limitations had run ... and, as a general rule, one in the position of a plaintiffs attorney must be diligent in ferreting out the proper parties defendant before suit.... [N]o such rules, or absence of rules, can be raised to defeat a party where by the overt acts and inexcusable conduct of the other, he has been lulled into a position of false security.
Hartford Accident & Indem. Co. v. Interstate Equip. Corp., 74 F.Supp. 791, 794-95 (D.N.J. 1947), cited in Argenbright v. J.M. Fields, 196 So.2d 190, 193 (Fla. 3d DCA), cert. denied, 201 So.2d 895 (Fla.1967).
In the instant ease, Metro Taxi Cab made several overt acts intended to lull the plaintiffs into a false sense of security. First, Metro Taxi Cab actively participated in pre-suit discovery and evaluation of the plaintiffs’ claims. Correspondence between the plaintiffs’ attorney and Metro Taxi Cab’s attorney reveals that Metro Taxi Cab was aware of the plaintiffs’ claims since January 28, 1988; that sometime after receiving notice of the claims, the plaintiffs’ attorney sent Metro Taxi Cab’s attorney a “demand package” containing the plaintiffs medical records, reports, and bills; that in November 1990, Metro Taxi Cab changed attorneys; and that on January 28, 1991, Metro Taxi Cab’s new attorney requested a copy of the “demand package” containing the plaintiffs medical records, reports, and bills so that he could properly evaluate the plaintiffs’ claims. Next, Metro Taxi Cab disputed the sufficiency of service of process. When Metro Taxi Cab was served with the original complaint in December 1990, it filed a motion to dismiss based on insufficiency of process. The dispute over insufficiency of process lasted until well after the statute of limitations had run against the proper defendant. Lastly, when Metro Taxi Cab answered the complaint with a general denial, it also asserted several affirmative defenses, including the plaintiffs contributory negligence. As the Federal District Court for New Jersey in Hartford Accident observed, these are clearly not the actions of an innocent defendant:
[T]he only honest answer [the original defendant] could file was one in which it would plead no connection whatsoever with the accident. Had there been no like named and controlled ... corporation, such an answer would undoubtedly have been filed. Under ordinary circumstances, one who sues a wholly innocent defendant would learn of his mistake by telephone at once. Such is the normal way of sound practitioners.
Hartford Accident, 74 F.Supp. at 791, 794, cited in Argenbright, 196 So.2d at 193.
Finally, a review of the record and the trial court’s findings of fact clearly indicate that the original defendant, Metro Taxi Cab, and the substituted defendant, Metro Limo, are related entities. Although they may, in fact, be separate and distinct corporations, Metro Taxi Cab has never done any business. Additionally, Metro Taxi Cab and Metro Limo share similar names, the same premises, the same principal operating officer, the same registered agent for service of process, and the same attorney. Lastly, and maybe most importantly, Metro Limo permitted taxicabs to use the logo “Metro Taxi” and the Metro phone number on the side of its taxicab in exchange for the payment of a weekly fee.
Based on these facts, we must conclude, as the trial court did, that “Sigmund Zilber has, *204 through the use of numerous interrelated corporations, created a minefield for the unwary accident victim.” In this case, relation back of the amended complaint is proper because the originally named defendant, Metro Taxi Cab, was related to the proper defendant, Metro Limo, and, through its participation in the proceedings led the plaintiff to believe that the correct defendant had been sued. Accordingly, we reverse the trial court’s final order granting Metro Limo’s motion to dismiss and remand this cause with instructions for entry of an order denying Metro Limo’s motion to dismiss and relating back the time of the filing of the amended complaint against Metro Limo to the time of the filing of the original complaint against Metro Taxi Cab.
Lastly, while the dissent is absolutely correct in its recitation of the law that no liability arises, under the dangerous instrumentality doctrine or otherwise, upon a corporation simply for accepting funds for the use of another company’s name on a taxicab, the facts of this case have not been fully developed and adequate discovery as to Metro Limo has not taken place.
Reversed and remanded with directions.
SHEVIN, J., concurs.

. Because the time for relinquishment of jurisdiction had expired the trial court was not able to rule on the motion to set aside the judgment.