*405
ON PETITION FOR WRIT OF CERTIORARI

SHEYIN, Judge.
Wineel Alphonse Estapa seeks certiorari review of a circuit court appellate division affirmance of a county court final judgment. We find that the order under review departs from the essential requirements of law resulting in a miscarriage of justice, Haines City Community Dev. v. Heggs, 658 So.2d 528 (Fla.1995); we grant certiorari and quash the appellate decision.
Estapa entered into a contract to purchase a condominium. Brian J. Giller, Esq., was the seller’s representative. The purchase contract reflected that the escrow agent would be “Giller Nat’l Title.” Giller & Attorneys, P.A., informed Estapa by letter that it had received Estapa’s deposit check and that the funds for closing would only be acceptable as a check made payable to “Giller & Attorneys, P.A. Trust Fund.” When the sale fell through, Estapa sued Brian Giller in county court to recover his deposit. Giller moved to strike the pleading as a sham, because he was not the proper party. The county court granted the motion, struck the pleading and entered final judgment in Gil-ler’s favor. The circuit court appellate division affirmed.
The court erred in striking the pleadings as a sham. “The Florida Supreme Court has defined a sham pleading as one that is ‘palpably or inherently false, and from the plain dr conceded facts in the case, must have been known to the party interposing it to be untrue.’ ... [T]he trial court may only strike the pleading as sham if it finds that the falsity of the pleading clearly and indisputably appears.” Pacheco v. Wasserman, 701 So.2d 104, 106 (Fla. 3d DCA 1997) (citations omitted). Nothing in the record before us demonstrates that the complaint was clearly and indisputably false. In view of its finding that the improper party had been named as a defendant, the appropriate relief was to permit amendment of the complaint to name the proper party. See Schwartz v. Metro Limo, Inc., 683 So.2d 201 (Fla. 3d DCA 1996); City of Miami v. Cisneros, 662 So.2d 1272 (Fla. 3d DCA 1995).
Certiorari granted; decision quashed; cause remanded.