PER CURIAM.
Appellant appeals the trial court’s order dismissing, with prejudice, his civil rights suit for failure to prosecute. Appellant argues the trial court abused its discretion by dismissing Appellant’s suit because personnel with the Department of Corrections (Appellees), the defendants below, prevented Appellant from prosecuting his suit by transferring him; denying him access to pens, paper and his legal materials; and failing to forward notice that his suit was being dismissed for failure to prosecute. We affirm in part, and remand with instructions.
*289 The one-year period of inactivity, which provides the basis for dismissal for failure to prosecute, is measured backwards from the time preceding the filing of the motion to dismiss for lack of prosecution. See Frohman v. Bar-Or, 660 So.2d 633 (Fla.1995). Appellant’s civil rights suit was filed on January 27, 1995; the trial court’s Notice of Lack of Prosecution was filed on May 16, 1996; and Appellant’s motion to set aside the order dismissing his suit for failure to prosecute was filed on March 20, 2000. The record indicates Appellant took no action on his case for the year preceding the Notice of Lack of Prosecution. Moreover, there is no evidence that Appellant requested his legal materials before February 1996, when he was first transferred, and Appellant does not allege he lacked access to his legal materials during this time. On these facts, the trial court did not abuse its discretion by dismissing Appellant’s suit for failure to prosecute. However, the dismissal should have been without prejudice. See Wright v. Allen, 611 So.2d 23 (Fla. 1st DCA 1992).
Accordingly, we AFFIRM the dismissal for failure to prosecute, but REMAND for the trial court to enter an amended order of dismissal, without prejudice.
WOLF and WEBSTER, JJ. concur; BROWNING, J., concurring in part and dissenting in part, with opinion.