BROWNING, J.
concurring in part and dissenting in part.
I agree with the majority to the extent that, if dismissal was warranted, it should have been without prejudice. See Wright v. Allen, 611 So.2d 23 (Fla. 1st DCA 1992). However, I dissent from the majority opinion because, in my judgment, the trial court abused its discretion by dismissing Appellant’s motion without conducting an evidentiary hearing.
Appellant alleged that Appellees, for years, consistently denied Appellant access to pens, paper, and his legal materials. Appellant’s allegations are supported by a plethora of requests to Appellees to provide these materials, and Appellees’ responses denying the requests. Further, Appellant’s allegations are supported by a report from a federal court magistrate, wherein the magistrate found the Department of Corrections (DOC), by whom Ap-pellees are employed, continued to move for dismissal of Appellant’s federal civil rights suit,[1] for failure to prosecute, while simultaneously denying Appellant access to the materials with which to prosecute his claim. Significantly, the magistrate noted DOC had failed to provide Appellant access to his legal materials despite being asked to do so by the federal court, the Attorney General, and defense counsel. The record indicates Appellant began requesting his legal materials in March 1996 but did not receive them until February 23, 2000.
The majority is correct that the record indicates Appellant took no action on his suit in the year preceding entry of the trial court’s March 1996 Notice of Failure to Prosecute. However, the trial court dismissed the suit due to the lack of pleadings between June 1996 and March 2000. During that time frame, there is ample record support for Appellant’s allegations that Appellees denied him access to pen, paper, and his legal materials. On these facts, the trial court should have held an evidentiary hearing to determine whether *290 Appellant had good cause for failure to prosecute his claim before dismissing the suit with prejudice. See Frohman v. Bar-Or, 660 So.2d 633 (Fla.1995) (holding evi-dentiary hearing required to determine whether good cause existed to preclude dismissal for failure to prosecute, where party opposing dismissal stated two reasons for inactivity); see also Torres v. Gomez, 683 So.2d 190 (Fla. 3d DCA 1996) (holding evidentiary hearing required to determine whether nonrecord activity constituted good cause to prevent dismissal for failure to prosecute); Lakeside Regent, Inc. v. Cohen, Scherer & Cohn, P.A., 642 So.2d 148 (Fla. 4th DCA 1994) (holding evidentiary hearing required to determine whether, under disputed facts, good cause existed to prevent dismissal for failure to prosecute).
In my judgment, the unusual facts asserted by Appellant and supported by the record present facially sufficient grounds for relief. In my opinion, the trial court abused its discretion by dismissing Appellant’s motion without conducting an evi-dentiary hearing. I would reverse and remand this case for an evidentiary hearing on Appellant’s motion. Accordingly, I respectfully dissent.

. The civil rights action which is the subject of this appeal was dismissed before the magistrate filed his report in the federal suit. However, the federal suit was pending during the same time-frame in which Appellant alleges sub judice Appellees withheld his legal materials.