PER CURIAM.
Appellants, William G. Graney and KTD Consulting Engineers, Inc., appeal the *1244 lower court’s order awarding attorneys’ fees and costs to appellees, Caduceus Properties, LLC (Caduceus) and Tallahassee Neurological Clinic, P.A. (TNC). The lower court awarded costs to Caduceus and TNC as the prevailing parties below, pursuant to section 57.041, Florida Statutes (2011). The lower court also awarded attorneys’ fees to Caduceus pursuant to section 768.79, Florida Statutes (2011), based on the final judgment entered in favor of Caduceus against KTD. We have since reversed the final judgment. See Graney v. Caduceus Props., LLC, 91 So.3d 220 (Fla. 1st DCA 2012).
We now reverse the trial court’s award of costs and fees entered in appellees’ favor. See Hickman v. Barclay’s Int’l Realty, Inc., 12 So.3d 327, 327 (Fla. 4th DCA 2009) (reversing order granting attorney’s fees pursuant to section 768.79 where appellate court reversed trial court’s order granting final summary judgment in favor of appellees); City of Hollywood v. Witt, 939 So.2d 315, 319 (Fla. 4th DCA 2006) (“[W]here an award of attorney’s fees is dependent upon the judgment obtained, the reversal of the underlying judgment necessitates the reversal of the fee award.”); Marty v. Bainter, 727 So.2d 1124, 1125 (Fla. 1st DCA 1999) (“Once a final judgment is reversed and remanded by an appellate court, there can be no prevailing party for purposes of an award of prevailing party attorney’s fees. Consequently, an award of attorney’s fees and costs predicated on a reversed or vacated final judgment also must be reversed.”).
BENTON, C.J., THOMAS, and SWANSON, JJ., concur.