**Che Che M. YOUNG, Plaintiff,**

v.

**TOYS R US, INC.; Nintendo of America, Inc., and Thomas A. Schutz Co., Defendants.**

**No. 1:96–CV–475.**

United States District Court, E.D. Tennessee.

Sept. 29, 1997.

Sherry Bailey Paty, Paty, Rymer and Ulin, Chattanooga, TN, for Che Che M. Young.

Myra L. Sanderson, Brewer, Krause, Brooks & Mills, Nashville, TN, for Toys R Us, Inc.

W. Lee Maddux, Chambliss, Bahner & Stophel, Chattanooga, TN, for Nintendo of America, Inc.

William B. Luther, Chattanooga, TN, for Thomas A. Schutz Co.

## MEMORANDUM

EDGAR, District Judge.

### I.

This case is before the Court on the motion (Court File No. 15) of defendant Thomas A. Schutz Co. ("Schutz") pursuant to FED. R.CIV.P. 12 to dismiss all claims against it, except a claim for breach of warranty, for lack of compliance with applicable statutes of limitation.

The relevant facts are as follows. The plaintiff claims to have suffered a personal injury on September 17, 1995, when a "Virtual Boy" eyeshade unit fell from a video game display and hit her in the face. On August 28, 1996, plaintiff filed suit in state court against Toys R Us–Delaware, Inc. and Nintendo America, Inc. ("Nintendo"). The case was removed to this Court on October 1, 1996. Toys R Us answered on September 7, 1996. On October 9, 1996, Nintendo filed an answer which implicated Schutz and possibly two other entities as possibly being at fault. On November 7, 1996, the plaintiff filed a "motion to amend and for more definite statement." Here the defendant sought more information about the identity of the alleged additional culprits, and to amend her complaint to add them as defendants. At some point thereafter all parties approved an agreed order allowing the plaintiff's complaint to be amended to add defendant Schutz. This agreed order was in the hands of an attorney for Nintendo from about December 23, 1996 through January 9, 1997, when it was finally received by the office of the United States District Court Clerk. Meanwhile, on January 6, 1997, the plaintiff placed a copy of the proposed amendment in the mail to Schutz at a California address which had been provided by Nintendo and which turned out to be a wrong address. A "Notice of Suit and Request for Waiver of Summons" and a "Waiver of Service of Summons" were sent along with the proposed amended complaint. The agreed order

granting the plaintiff leave to amend her complaint was signed by the United States Magistrate Judge on January 10, 1997. The amended complaint was filed on January 21, 1997.

## II.

Schutz contends that all of the plaintiff's tort claims are barred by Tenn.Code Ann. § 28-3-104, Tennessee's one-year statute of limitations for tort personal injury claims. The effect of this statute of limitations is somewhat ameliorated by Tent.Code Ann. § 20-1-119 which provides in relevant part as follows:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:

>> (1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or

>> (2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an "original complaint initiating the suit" or "an amended complaint" for purposes of this subsection.

> (b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall

not be barred by any statute of limitations. . . .

This 90-day suspension of the statute of limitations was enacted as a consequence of the Tennessee Supreme Court's embrace of comparative fault in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn.1992), to counter the demise of the joint and several liability doctrine caused thereby. *Ridings v. Ralph M. Parsons Co.*, 914 S.W.2d 79, 82 (Tenn.1996); *Halstead v. Niles-Bolton Associates*, 1996 WL 50861 (Tenn.App. Feb.9, 1996).

Schutz says that the plaintiff has not complied with TENN.CODE ANN. § 20-1-119 because the amended complaint was not actually filed until January 21, 1997, which was 104 days after Nintendo's October 9, 1996 answer. Therefore, Schutz argues that the plaintiff's claims against it are time-barred. Plaintiff responds that since FED.R.CIV.P. 15 does not, after an answer has been filed, permit amendment of a complaint without leave of court or written consent of the adverse party,[1] she complied with TENN.CODE ANN. § 20-1-119(a)(1) by filing her motion to amend within the 90-day period and by mailing a copy of the proposed amended complaint to Schutz before the expiration of the 90-day period.

While the plaintiff's predicament here does invoke some empathy, it is nevertheless clear that despite ·all of her efforts she did not comply with TENN.CODE ANN. § 20-1-119(a)(1) which provides that if a plaintiff elects to comply with the statute by amending the complaint, the complaint must in fact be amended, *i.e.*, an amended complaint must actually be filed. This is clear from the wording of the statute which says that within the 90-day period a plaintiff must amend the complaint to add the new defendant "*and cause process to be issued*" for that defendant. This did not happen by January 7, 1997, the 90th day after Nintendo's amendment. On that date the complaint had not been amended, and since it had not been amended, the January 6, 1997 mailing of the proposed amended complaint was a nullity.[2] Plaintiff's claims are, therefore, time barred.

---

**1.** TENNESSEE RULES OF CIVIL PROCEDURE 15 contains a similar requirement.

**2.** Perhaps one way for a plaintiff to avoid delay which risks losing the 90-day window would be

to institute a separate action against the newly discovered tortfeasor pursuant to TENN.CODE ANN. § 20-1-119(a)(2).

*See Soper v. Wal–Mart Stores, Inc.*, 923 F.Supp. 1032 (M.D.Tenn.1996).

Schutz's motion to dismiss will be **GRANTED.** An order will enter dismissing paragraphs XI(a), (b), (c), (d), (e), (f), (g), (h), and (j) as to defendant Schutz because those claims assert tort causes of action which are barred by the statute of limitations. The amended complaint remains pending against Schutz only as to paragraph XI(i) which alleges that Schutz breached an implied warranty of fitness for a particular purpose, and which is timely filed within the four-year statute of limitations for such a claim. TENN. CODE ANN. § 47–2–725.