IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 10, 2005 Session

## JENNIE JONES v. PROFESSIONAL MOTORCYCLE ESCORT SERVICE, L.L.C., ET AL.

**Interlocutory Appeal from the Court of Appeals**
**Circuit Court for Shelby County**
**No. CT-004274-03      Karen R. Williams, Judge**

**No. W2005-00079-SC-S09-CV - Filed on May 19, 2006**

We accepted Defendant's interlocutory appeal in this personal injury action to determine whether, under Tennessee Code Annotated section 20-1-119, a plaintiff is required to obtain the permission of the trial court to file an amended complaint naming an additional defendant after an original defendant alleges possible fault by that nonparty. We conclude that permission to file is necessary under Tennessee Rule of Civil Procedure 15.01. We also conclude that, under the facts of this case, Plaintiff has substantially complied with the applicable rules. Accordingly, we affirm the trial court's denial of Defendant's motion to dismiss and remand the case to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed; Remanded to the Trial Court**

CORNELIA A. CLARK, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ., joined.

Gary R. Wilkinson, Memphis, Tennessee, for Defendant/Appellant Professional Motorcycle Escort Service, L.L.C.

Glenn K. Vines, Memphis, Tennessee, for Plaintiff/Appellee Jennie Jones.

### OPINION

### FACTUAL BACKGROUND

On August 10, 2002, while riding as a passenger in a funeral procession, Plaintiff, Jennie Jones, was involved in a motor vehicle accident in Memphis, Tennessee. On July 31, 2003, she filed a complaint alleging negligence against Verna Brown, Michael Graves, and Robert Jones.

On December 1, 2003, Defendant Robert Jones filed an answer alleging possible additional fault of two non-parties: Professional Motorcycle Escort Service, L.L.C., and M.J. Edwards & Sons Funeral Home, Inc. On February 11, 2004, Plaintiff filed an amended complaint naming these two additional parties pursuant to Tennessee Code Annotated section 20-1-119 (1994 & Supp. 2005). The amended complaint alleged that the negligence of Professional Motorcycle Escort Service, L.L.C., ("Defendant")[1] caused or contributed to the accident and Plaintiff's injuries resulting therefrom. On the same day, Plaintiff had a summons issued by the Shelby County Circuit Clerk. Service of process on both new parties was accomplished on February 11, 2004.

On February 12, 2004, Plaintiff filed a motion requesting leave of court to amend her original complaint pursuant to section 20-1-119 to include Defendant as a party defendant to this action. On February 20, 2004, the trial court entered an order granting Plaintiff's motion to amend her complaint to add Defendant as a party. Plaintiff did not thereafter re-file her amended complaint, nor did she have service of process re-issued. On March 1, 2004, the ninety-day period provided in Tennessee Code Annotated section 20-1-119 for Plaintiff to add as defendants entities to whom fault had been attributed in Robert Jones' December 1, 2003, answer expired.

On April 28, 2004, Defendant filed a motion to dismiss with prejudice Plaintiff's amended complaint, asserting that the amended complaint was time-barred. The trial court denied Defendant's motion to dismiss, but granted Defendant's subsequent motion for leave to pursue an interlocutory appeal. On February 24, 2005, the Court of Appeals denied Defendant's application for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.

We granted Defendant's application for interlocutory appeal under Tennessee Rule of Appellate Procedure 9(a)(3), in order to address an issue of law that is a matter of first impression in this State: whether leave of court must be obtained *prior* to filing an amended complaint naming a new party defendant and causing the issuance and service of process thereon under Tennessee Code Annotated section 20-1-119.

## STANDARD OF REVIEW

On appeal, Defendant challenges the sufficiency of the complaint, contending that the complaint is time-barred under the applicable statute of limitations.[2] The trial court's denial of the motion to dismiss presents a question of law that we review de novo with no presumption of correctness accorded to the conclusions reached below. Conley v. State, 141 S.W.3d 591, 594-95 (Tenn. 2004); Leach v. Taylor, 124 S.W.3d 87, 90 (Tenn. 2004). Likewise, questions of statutory

---

[1]Although M.J. Edwards & Sons Funeral Home, Inc., was also named in the amended complaint, Professional Motorcycle Escort Service, L.L.C., is the only party pursuing this appeal.

[2] Although Defendant did not specify under which rule this motion is brought, we assume that Defendant intended to raise the issue under Rule 12.02(6) of the Tennessee Rules of Civil Procedure, since statute of limitations defenses are considered under this section. See, e.g., Gunter v. Lab. Corp. of Am., 121 S.W.3d 636, 638 (Tenn. 2003).

construction present questions of law that we review de novo without a presumption of correctness accorded to the conclusions reached below. Ki v. State, 78 S.W.3d 876, 879 (Tenn. 2002).

## ANALYSIS

### I. Need for Authorization to Amend Under Section 20-1-119

Plaintiff's claims of negligence arising out of the automobile accident in this case are subject to the one-year statute of limitations for personal injuries. Tenn. Code Ann. § 28-3-104(a)(1) (2000). Since Plaintiff's alleged injuries occurred on August 10, 2002, the statute of limitations on her claims originally expired on August 10, 2003. As a general rule, all parties against whom fault is to be alleged must have been named as defendants by that date. At issue in this case is the application of Tennessee Code Annotated section 20-1-119 to extend the statute of limitations.

In 1992, the Tennessee Supreme Court decided McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992), which adopted a system of modified comparative fault to be utilized in tort litigation. See Curtis v. G.E. Capital Modular Space, 155 S.W.3d 877, 880-81 (Tenn. 2005). Under this system, a plaintiff can recover so long as the plaintiff's negligence is less than the defendant's negligence, and a plaintiff's recovery must be limited in proportion to his or her percentage of fault. McIntyre, 833 S.W.2d at 57. In adopting this system, we attempted to reconcile a plaintiff's interest in being made whole with a defendant's interest in paying only those damages for which he or she is responsible. Brown v. Wal-Mart Discount Cities, 12 S.W.3d 785, 788 (Tenn. 2000). With regard to attributing fault to nonparties, we stated in McIntyre that

> [F]airness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought. In cases where such a defense is raised, the trial court shall instruct the jury to assign this nonparty the percentage of the total negligence for which he is responsible. However, in order for a plaintiff to recover a judgment against such additional person, *the plaintiff must have made a timely amendment to his complaint and caused process to be served on such additional person*. Thereafter, the additional party will be required to answer the amended complaint. The procedures shall be in accordance with the Tennessee Rules of Civil Procedure.

Id. at 58 (emphasis added). The McIntyre Court did not indicate whether a trial court's permission for a plaintiff to file an amended complaint would be required under the circumstances described above.

In 1993, in response to our decision in McIntyre, the General Assembly enacted Tennessee Code Annotated section 20-1-119 (1994) to provide a means for a plaintiff to amend a complaint to add as a defendant any third party alleged by another defendant to have caused or contributed to the injury, even if the applicable statute of limitations would otherwise bar the claim against the third

party. 1993 Tenn. Pub. Acts Ch. 407, section 1; see also Curtis, 155 S.W.3d at 881; Brown, 12 S.W.3d at 788. Specifically, section 20-1-119 provides, in pertinent part:

**20-1-119. Comparative fault - Joinder of third party defendants.**

(a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, *the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault*, either: *(1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person*; or (2) Institute a separate action against that person by filing a summons and complaint. . . .

(emphasis added).

The text of section 20-1-119(a)(1) does not indicate that the amendment of a complaint under these circumstances requires the permission of the trial court. The text states that within this ninety-day time frame, a plaintiff "may . . . amend the complaint to add such person as a defendant . . . and cause process to issue for that person." Considered alone these words suggest that a plaintiff has the right to act unilaterally, without the permission of adverse parties or by leave of court. In the instant case, if the above-quoted language represented the entirety of subsection (a), Plaintiff would clearly have complied with the statute, and the action she took to amend her complaint and to cause service of process to issue within ninety days would be adequate. No further discussion would be needed.

However, subsection (a)(1) includes additional language that directs that such amendment shall be made "pursuant to Rule 15 of the Tennessee Rules of Civil Procedure." Tenn. Code Ann. § 20-1-119(a)(1). The legislature's inclusion of this qualifier in its direction to parties seeking to amend requires the Court to analyze Tennessee Rule of Civil Procedure 15 in conjunction with section 20-1-119(a)(1).

Rule 15.01 of the Tennessee Rules of Civil Procedure, the portion of this rule applying to amendments, provides in pertinent part:

*A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served* or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may

-4-

so amend it at any time within fifteen (15) days after it is served. *Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires.* A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fifteen (15) days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

(emphasis added).

Tennessee Rule of Civil Procedure 15.01 contains three distinct provisions relating to the amendment of pleadings.[3] The first provision in this Rule allows a party to amend a pleading once without permission of the court or other parties. However, by its terms it applies only to pleadings amended before a responsive pleading is served. In contrast, the right to amend granted in Tennessee Code Annotated section 20-1-119 governs amendments made *after* "the filing of the first answer or amended answer alleging [another] person's fault." Thus, the first part of the first sentence of Rule 15.01 is inapplicable to the amendment of pleadings under section 20-1-119.

In all other situations, the right to amend under Rule 15.01 is governed by the second sentence of this Rule, which permits amendments "only by written consent of the adverse party or by leave of court," with the understanding that leave is to be freely given when justice so requires. Since section 20-1-119 is always invoked by the filing of a responsive pleading, we conclude that its reference to Rule 15 is a reference specifically to the second sentence of Rule 15.01. Therefore, Plaintiff's right to amend a complaint to add a defendant in a comparative fault action under section 20-1-119 requires written consent of the adverse parties or leave of court.

Plaintiff in this case admittedly did not obtain written consent of the adverse parties before attempting to amend her complaint. Thus, we must determine whether the plaintiff in this case properly secured leave of court to amend her complaint.

## II. Compliance with Rule 15.01

Having determined that the applicable portion of Tennessee Rule of Civil Procedure 15.01 requires leave of the court to file an amended complaint under the auspices of section 20-1-119, we move to analysis of the requirement that Plaintiff, within ninety days of the filing of the answer, "amend the complaint to add such person as a defendant . . . and cause process to be issued for that person . . . ." Tenn. Code Ann. § 20-1-119(a)(1).

In response to Defendant Jones' answer naming this defendant as a possible additional tortfeasor, Plaintiff filed an amended complaint, naming Defendant as a party, with the court on February 11, 2004. She also filed process and had it served on Defendant the same day. However,

---

[3]The provision governing a "pleading . . . to which no responsive pleading is permitted and the action has not been set for trial . . . " is not applicable to the facts in this case and will not be analyzed here.

she did not file the motion to amend her complaint until the following day, February 12, 2004. The trial court granted the motion to amend on February 20, 2004. The Plaintiff did not refile her amended complaint or reissue process.

Pursuant to Tennessee Code Annotated section 20-1-119, Plaintiff had ninety days from December 1, 2003, to amend her complaint and cause service of process to be issued upon Defendant. This ninety-day period expired on March 1, 2004. Defendant avers that under the statute and rule, Plaintiff was required to get permission of the court *before* she filed her amended complaint and had process issued. Defendant argues that since Plaintiff did not file (or re-file) an amended complaint and have process issued *after* the motion to amend was granted, the ninety-day period in which Plaintiff could statutorily amend her complaint has expired. Defendant characterizes Plaintiff's February 11 filing of the amended complaint as "improper, illegal and of no effect" since it was actually filed before leave of court was granted and claims that Plaintiff therefore filed only a legitimate *motion* to amend her complaint and no legitimate amended complaint.[4] Defendant argues that Plaintiff's amended complaint should therefore be dismissed as time-barred for failure to satisfy the requirements of Rule 15.01.

Successful amendments under section 20-1-119 require four discrete actions within ninety (90) days: (1) the filing and (2) granting of a motion to amend, (3) the filing of an amended complaint, and (4) the issuance of process. Regardless of the *reason* for untimely completion of any of these requirements, Tennessee courts have consistently held that the plaintiff's motion to amend must be filed and granted, the amended complaint must be filed, and process must be issued, all within ninety days to comply with section 20-1-119. See Young v. Toys R Us, Inc., 987 F. Supp. 1035, 1036 (E.D. Tenn. 1997) (holding the plaintiff's claims to be time-barred, even though the delay was attributable to the trial court's failure to grant a motion to amend within the ninety-day time frame); Ward v. AMI SUB (SFH), Inc., 149 S.W.3d 35, 39 (Tenn. Ct. App. 2004) (granting the defendant's motion for summary judgment where the plaintiff filed a motion to amend and caused process to be issued, but did not file an amended complaint within the ninety-day time frame required by Tenn. Code Ann. § 20-1-119); Nipper v. Axtrom Indus., Inc., No. M2005-00349-COA-R10-CV, 2005 WL 1046797, at *2 (Tenn. Ct. App. May 4, 2005) (holding that failure to cause process to issue in compliance with Rule 15.01 of the Tennessee Rules of Civil Procedure violates the plain language of Tennessee Code Annotated section 20-1-119, which "requires that both the filing of the amended complaint and the issuance of process occur within ninety days of the filing of the [] answer.").

In none of these cases, however, has a court addressed whether in order to comply with Rule 15.01, a motion for leave to amend must be filed *before* any other steps toward amendment take place.

---

[4] Defendant further argues that, although service of process was issued for the February 11, 2004, amended complaint, service of process was never actually accomplished on a properly filed amended complaint.

In the present case, the filing of the motion for leave to amend, the filing of the amended complaint, the issuance and service of process, and the grant of leave to amend all occurred within the prescribed ninety-day time frame. Defendant's argument, then, is a technical one: that because Plaintiff filed her amended complaint and obtained service of process one day before filing her motion to amend and nine days before securing leave of court, she did not comply with the requirements of Rule 15.01. This contention is based on the assumption that when amendments are permitted "only by written consent of the adverse party or by leave of court," Tenn. R. Civ. P. 15.01, the consent or leave must be obtained before the amendment is filed or process issued.

Plaintiff's argument that she substantially complied with Rule 15.01 of the Tennessee Rules of Civil Procedure by complying with all requirements, even out of order, has not been addressed squarely by Tennessee courts. Although not binding precedent, "[f]ederal case law interpreting rules similar to our own are persuasive authority for purposes of construing the Tennessee rule." Harris v. Chern, 33 S.W.3d 741, 745 n.2 (Tenn. 2000) (citations omitted). Since the relevant language in Federal Rule of Civil Procedure 15(a)[5] is identical to Tennessee Rule of Civil Procedure 15.01, a review of federal case law is particularly instructive in this case.

In Shephard v. Allstate Ins. Co., No. 2:04-CV-936, 2006 WL 82961, at *1-2 (S.D. Ohio Jan. 6, 2006), the defendant filed a motion to dismiss the plaintiff's amended complaint for failure to comply with Rule 15(a) of the Federal Rules of Civil Procedure, alleging that the plaintiff neglected to file a motion for leave to amend, rendering the amendment itself a nullity. The court held that Federal Rule 15(a) encourages courts to grant leave to amend and that the Rule does not require "that such leave be preceded only by written motion." Id. at *4. Similarly, in Holman Auto. Group, Inc. v. Cappo Mgmt. XVII, Inc., No. 05-72620, 2005 WL 3334748, at *2 (E.D. Mich. Dec. 8, 2005), the plaintiff failed to comply with Rule15(a) by neglecting to obtain either leave of court or the defendant's permission to file an amended complaint. The court held that such failure to conform to technical requirements is not fatal where allowing such amendment does not prejudice the defendant and promotes the interests of justice. Id.

Numerous courts considering this issue in other states have found substantial compliance with the rule to be sufficient. For instance, in Fischer v. Senior Living Properties, L.L.C., 771 N.E.2d 505, 508 (Ill. App. Ct. 2002), the plaintiff filed an amended complaint, and process was issued to add a defendant to the action, but an order granting leave to amend was not entered by the court. The Illinois Court of Appeals held that the plaintiff substantially complied with the applicable rule and categorized the provisions requiring leave of court as "directory, not mandatory," noting that

---

[5] Rule 15(a) of the Federal Rules of Civil Procedure provides that "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . *Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.*" (emphasis added).

"strict compliance with the statute is no longer necessary."[6] Id. at 509-510. Illinois law allows parties to amend or add parties to an action in the pleading stage "as a matter of routine." Id. at 511. The plaintiff in Anderson v. Emro Mktg. Co., 550 So. 2d 531, 532 (Fla. Dist. Ct. App. 1989), filed three amended complaints to her personal injury action. The defendant filed a motion to dismiss for failure to obtain leave of court and asserted that the third amended complaint was time-barred. Id. The appeals court reversed the trial court's dismissal of the complaint, holding that although leave to amend is generally required, dismissal of an action is a severe sanction requiring "deliberate and insubordinate disregard for the court's authority." Id. at 533. In Rambur v. Diehl Lumber Co., 394 P.2d 745, 748 (Mont. 1964), the Supreme Court of Montana allowed the plaintiff's amended complaint, which was filed without leave as required by Rule 15 of the Montana Rules of Civil Procedure, to stand. The court found that "a court may accept pleadings which have been filed without leave . . . . Specific leave to amend *should* be given but it is not necessary that it be spelled out in express terms." Id. at 748. The Supreme Court of South Carolina has permitted amendments filed without leave of court at any time before trial, where such amendment does not cause surprise or prejudice to the opposing party. Smith v. Traxler, 78 S.E.2d 630, 632 (S.C. 1953). Some jurisdictions have even held that, where it would be an abuse of the court's discretion to refuse to allow the amendment upon proper application, an amendment filed without leave of court *must* be permitted to stand, since allowing amendments is the rule and denying them the exception. See Miller v. Perry, 38 Iowa 301, 303 (Iowa 1874); see also Butman v. Christy, 198 N.W. 314 (Iowa 1924).

The Tennessee Rules of Civil Procedure are intended "to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties." Karash v. Pigott, 530 S.W.2d 775, 777 (Tenn. 1975); see also Patton v. Dixon, 58 S.W. 299, 301 (Tenn. 1900).[7] Defendant would have us dismiss Plaintiff's amended complaint on just such a technicality or nicety: the order of the steps by which Plaintiff undertook to amend her complaint. Yet there is no evidence that Plaintiff was guilty of unreasonable delay or lack of good faith in seeking to amend her complaint at the time, and in the manner, that she did.

It is obvious that Defendant was not prejudiced by Plaintiff's failure to file a request for leave to amend on February 11, 2004, when this motion was in fact filed only one day later, on February 12, 2004. In this case, Plaintiff's counsel performed the most important (and most public)

---

[6]Illinois law seems to permit a more relaxed standard for the amendment of pleadings "introducing any party who ought to have been joined," which are allowed "[a]t any time before final judgment . . . on just and reasonable terms." See 735 ILCS 5/2-616(a), (c) (2000). Compare 735 ILCS 5/2-609 (2000) ("supplemental pleadings setting up matters which arise after the original pleadings are filed, may be filed within a reasonable time by either party by leave of court and upon terms.").

[7]Although the Tennessee Rules of Civil Procedure were not enacted until 1970, see Vythoulkas v. Vanderbilt Univ. Hosp., 693 S.W.2d 350, 355 (Tenn. Ct. App. 1985), they were intended to reflect the policies behind the common law and were designed to "simplify and ease the burden of procedure under the sometimes harsh and technical rules of common law pleading." Branch v. Warren, 527 S.W.2d 89, 91 (Tenn. 1975). It follows that any liberality found in the common law rules should be reflected in the Rules of Civil Procedure.

of acts first, by filing the amended complaint itself and by causing process to be issued on the named parties. These acts are obviously sufficient to provide the Defendant with ample notice of the amendment.[8] Further, all of the steps required by Tennessee Code Annotated section 20-1-119 and Rule 15.01 of the Tennessee Rules of Civil Procedure took place within the ninety-day time frame established by statute. This is Plaintiff's first attempt to amend her complaint, and the amendment is important in order to resolve the matter with all potentially liable parties before the trial court at once. Additionally, had the trial court denied Plaintiff's motion to amend her complaint, Plaintiff could have proceeded by bringing an original complaint in a separate action, and Defendant could have been made a party to the suit in that fashion without permission of the court or the parties. See Fischer, 771 N.E.2d at 512 (holding that "[a] timely order granting leave can only be a minor technicality when parties can otherwise be properly added without obtaining leave").

In this case, Plaintiff substantially complied with all of the requirements of both Tennessee Code Annotated section 20-1-119 and Rule 15.01 of the Tennessee Rules of Civil Procedure in a timely manner.[9] Consistent with the liberal amendment policies of Tennessee and other jurisdictions, we hold that Plaintiff's one day delay in filing a motion to amend her complaint is not fatal under Rule 15.01, where the amended complaint was filed, service of process was obtained, and leave to amend was granted within the time frame required by section 20-1-119. Holding otherwise would contravene the purpose behind the Tennessee Rules of Civil Procedure: to allow a "just, speedy and inexpensive determination" of the merits of a case. Tenn. R. Civ. P. 1. We agree with the Illinois Court of Appeals' recognition that "[s]ome rules constitute minor technicalities; enforcing them exalts form over substance to deprive a party of his day in court and frustrating the resolution of the litigation on the merits." Fischer, 771 N.E.2d at 511 (citations omitted). The trial judge did not abuse her discretion by denying the motion to dismiss this complaint.

We take this opportunity to remind litigants that

> [t]he proper way to request the court for leave to amend under Rule 15 is to attach a copy of the proposed amendment to the motion so that it becomes part of the record at that time, regardless of what action the trial court takes or fails to take on it.

---

[8] Defendant argues, alternatively, that the February 11, 2004, issuance of service of process was insufficient to constitute notice according to Rule 5.01 of the Tennessee Rules of Civil Procedure. We do not agree. See, e.g., McCracken v. Brentwood United Methodist Church, 958 S.W.2d 792, 797 (Tenn. Ct. App. 1997) (holding that while actual knowledge of a lawsuit is required to satisfy the notice requirement in Tennessee Rule of Civil Procedure 15.03, either formal or informal notice will suffice).

[9] Relying on Roadrunner Mining, Eng'g & Dev. Co., v. Bank Josephine, 558 S.W.2d 597 (Ky. 1977), Plaintiff argues in the alternative that the trial court's action in granting the motion to amend acted as a ratification of the Plaintiff's original filing of the amended complaint without leave of court. Because we hold that the Plaintiff has substantially complied with Rule 15.01 and section 20-1-119, it is not necessary for us to consider this alternative theory.

Taylor v. Nashville Banner Publ'g Co., 573 S.W.2d 476, 484 (Tenn. Ct. App. 1978).[10]  Today's decision is not intended to relax completely the technical procedures required to amend a pleading consistent with the Tennessee Rules of Civil Procedure.  Rather, this situation should highlight the importance of filing an amendment accurately and promptly, in order to prevent prejudice to the opposing party, thereby increasing the likelihood that the trial court will grant the motion to amend.

## CONCLUSION

When a plaintiff utilizes section 20-1-119 to amend a complaint to name a nonparty as a defendant, the plaintiff must first seek permission of the trial court or adverse parties as provided by Tennessee Rule of Civil Procedure 15.01.  However, on the facts of this case, failure to file the motion to amend *before* filing the amended complaint and securing service of process is not fatal when all requirements of Rule 15.01, including the trial court's grant of the motion to amend, occur within the ninety-day window created by section 20-1-119.  Plaintiff has substantially complied with Rule 15.01 of the Tennessee Rules of Civil Procedure and should be allowed to amend her complaint to add Defendant as a party.  We find no abuse of discretion in the denial of Defendant's motion to dismiss and accordingly affirm the judgment of the trial court.  This case is remanded to the trial court for further proceedings consistent with this opinion.  The costs of this appeal are taxed to Defendant, Professional Motorcycle Escort Service, L.L.C., and its sureties, for which execution may issue if necessary.

_____
CORNELIA A. CLARK, JUSTICE

---

[10] We note that under the hyper-technical interpretation advocated by Defendant even the method for requesting leave prescribed in Taylor could be considered void in a situation where the clerk of court file stamps a proposed amended complaint before a motion for leave to amend.