IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 11, 2007 Session

BLACKBURN & MCCUNE, PLLC, v. PRE-PAID LEGAL SERVICES,
INC., ET AL.

Appeal from the Chancery Court for Davidson County
No. 06-729-1     Claudia Bonnyman, Chancellor

No. M2006-1380-COA-R3-CV - Filed on August 24, 2007

Blackburn & McCune brought suit alleging it was fraudulently induced to enter an administrative
services contract with Pre-Paid Legal Services, Inc.  The trial court dismissed the suit based upon
a forum selection provision contained in an Attorney Provider Agreement executed by the parties.
Blackburn & McCune has appealed.  Based upon our interpretation of the forum selection clause,
we reverse the judgment of the trial court.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed.

DONALD P. HARRIS, SR.J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR.,
P.J.,,and PATRICIA J. COTTRELL, J., joined.

William D. Leader, John B. Carlson, Nashville, Tennessee, for the appellant, Blackburn & McCune.

Anthony McFarland, Jody E. O'Brien, Nashville, Tennessee, for the appellees, Pre-Paid Legal
Services, Inc., and Pre-Paid Legal Services of Tennessee, Inc.

OPINION

I.  FACTUAL BACKGROUND[1]

Pre-Paid Legal Services, Inc. (Pre-Paid), is an Oklahoma corporation engaged in underwriting
and marketing legal expense plans to its members throughout the United States.  In February 1994,
a predecessor law firm of Blackburn & McCune, PLLC, (Blackburn & McCune), became the
provider law firm for Pre-Paid in the State of Tennessee.

---

[1]Since the trial court granted a motion to dismiss, the facts stated in this opinion are taken from the second
amended complaint, the Attorney Provider Agreements attached to Pre-Paid's motion to dismiss and other parts of the
Technical Record, as indicated.

Pre-Paid contracted with the predecessor of Blackburn & McCune to provide the legal services through an Attorney Provider Agreement executed by the parties. The Attorney Provider Agreement entered into by Pre-Paid and Blackburn & McCune's predecessor contained the following clause:

<u>JURISDICTION</u>

     The parties hereto agree that this Contract shall be governed by the Laws of the State of Oklahoma and any legal proceedings had thereon shall be in the District Court within and for Pontotoc County, State of Oklahoma.

In 2003, a similar agreement was executed between Pre-Paid Legal Services of Tennessee, Inc., and Blackburn & McCune. The 2003 agreement contained an identical forum selection clause as that included in the 1994 agreement.

In 1997, the Tennessee Department of Commerce and Insurance (DCI) informed Pre-Paid that as the provider of the Pre-Paid Legal Expense Plan in Tennessee it was subject to regulation and oversight by the DCI. Pre-Paid was suspended from selling or marketing its Pre-Paid Legal Services Plan because it did not have a DCI certificate of authority. In order to obtain a certificate of authority, Pre-Paid was required to comply with DCI regulatory requirements, including a requirement that Pre-Paid maintain a 40% ratio of losses and paid loss expenses to premiums earned.

In November 1997, Pre-Paid Legal Services of Tennessee, Inc., was formed for the purpose of obtaining authority from DCI to market, sell and service the Pre-Paid Legal Expense Plan in Tennessee. All of Pre-Paid's paid losses and paid loss expenses in Tennessee consisted of payments made by Pre-paid to its Tennessee provider law firm, Blackburn & McCune. As a result, the only way it could comply with the 40% loss and loss expense ratio was to reduce premiums or increase the amounts it paid pursuant to the Attorney Provider Agreement.

A certificate of authority was issued to Pre-Paid Legal Services of Tennessee, Inc., in December 1997. It submitted its forms and rates to DCI and, in March 1998, began exclusively marketing, selling and issuing the Pre-Paid Legal Expense Plan contracts to members in Tennessee. At that time, it began compensating and overseeing Blackburn & McCune as the Pre-Paid Legal Expense Plan provider law firm in Tennessee. In order to achieve the 40% ratio of losses and loss expense mandated by DCI, Pre-Paid Legal Services of Tennessee, Inc., increased the payments to Blackburn & McCune for services rendered.

Blackburn & McCune alleges that Pre-Paid and Pre-Paid Legal Services of Tennessee, Inc., then devised a scheme to recoup the increased payments made to them. They prepared and presented to Blackburn & McCune a written letter agreement requiring Blackburn & McCune to purchase administrative and software services from Pre-Paid. Management of Pre-Paid and Pre-Paid Legal Services of Tennessee, Inc., represented to Blackburn & McCune this agreement was required, in part, to satisfy the demands of DCI that the charges be made so that sufficient funds were available

to pay attorneys other than Blackburn & McCune within the State of Tennessee. Relying on these representations, Blackburn & McCune executed the letter agreement dated April 28, 1998. Blackburn & McCune alleges the representations made by Pre-Paid and Pre-Paid Legal Services of Tennessee, Inc., were false and were knowingly made by Pre-Paid and Pre-Paid Legal Services of Tennessee in order to induce Blackburn & McCune to enter into the 1998 administrative services agreement. Blackburn & McCune asserts it did not know and was not informed by Pre-Paid of the 40% loss ratio requirement. Finally, Blackburn & McCune alleges it would have received the administrative and software services described in the April 28, 1998, letter agreement without making the additional payments set out in the agreement and was not informed of that fact by Pre-Paid or Pre-Paid Legal Services of Tennessee, Inc.

On March 24, 2006, Blackburn & McCune filed suit against Pre-Paid and Pre-Paid Legal Services of Tennessee, Inc., seeking rescission of the April 28, 1998, letter agreement and return of the monies paid thereunder. As a basis for rescission, Blackburn & McCune alleges it was fraudulently induced to enter the agreement. The complaint also alleged failure of consideration and a civil conspiracy to defraud between Pre-Paid and Pre-Paid Legal Services of Tennessee. In its Second Amended Complaint, Blackburn & McCune also sought a declaratory judgment that the 1998 agreement was void as against public policy and again alleged causes of action for rescission, fraud, misrepresentation, breach of fiduciary duty and civil conspiracy.

A motion to dismiss was filed by the defendants on April 26, 2006, alleging, among other things, that dismissal was required by the forum selection clause in the Attorney Provider Agreements signed by Blackburn & McCune. That motion was granted by the trial court on May 15, 2006. A motion to alter or amend was filed by Blackburn & McCune and was denied by the court by order entered June 8, 2006. Blackburn & McCune has appealed alleging the trial court erred in dismissing its lawsuit based upon the forum selection provision, that application of the forum selection provision is unfair and that the trial court should have granted its motion to alter or amend its judgment based upon the applicable Oklahoma statute of limitations having expired.

## II. STANDARD OF REVIEW

A trial court's grant or denial of a motion to dismiss presents a question of law that we review de novo with no presumption of correctness accorded to the conclusions reached below. Jones v. Prof'l Motorcycle Escort Serv., 193 S.W.3d 564, 567 (Tenn. 2006); Conley v. State, 141 S.W.3d 591, 594-95 (Tenn. 2004); Leach v. Taylor, 124 S.W.3d 87, 90 (Tenn. 2004). In reviewing the action of the trial court, we must take the allegations of the complaint as true. Freeman Indus. LLC v. Eastman Chem. Co., 172 S.W.3d 512, 516-17 (Tenn. 2005). The issues raised on this appeal also involve interpretation of written agreements. The interpretation of a contract is a question of law. Guiliano v. CLEO, Inc., 995 S.W.2d 88, 95 (Tenn. 1999) . Therefore, the trial court's interpretation of a contractual document is not entitled to a presumption of correctness on appeal. Id.; Angus v. Western Heritage Ins. Co., 48 S.W.3d 728, 730 (Tenn. Ct. App. 2000) . This court must review the documents ourselves and make our own determination regarding their meaning and legal import. Hillsboro Plaza Enters. v. Moon, 860 S.W.2d 45, 47 (Tenn. Ct. App. 1993).

III.  ANALYSIS

In dismissing the Second Amended Complaint, the trial court stated:

> The Court finds the forum selection provision in the Provider Agreements must be applied.  But for the 1994 and 2003 Provider Agreements, there would be no claim for fraud, as the Court reads the second amended complaint.  In other words, the tort claims are dependent on the Provider Agreements and the second amended complaint is a "legal proceeding thereon" as stated in the forum selection provision.  The Plaintiff alleges losses and damages caused by the Defendant's fraud.  Any court hearing this case would be required to apply the Provider Agreement terms, so that, pursuant to the Plaintiff's tort theory, the damages due the Plaintiff could be calculated.  Further, the Court cannot declare the 1998 letter Agreement void without also applying the parties' fiduciary duties and rights in the Provider Agreements, part of Plaintiff's theory.

It is well-settled that the intent of the contracting parties at the time of executing the agreement should govern.  Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc., 78 S.W.3d 885, 890 (Tenn. 2002).  The court's role in resolving disputes regarding the interpretation of a contract is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the language used.  Guiliano, 995 S.W.2d at 95; Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth Inc., 521 S.W.2d 578, 580 (Tenn. 1975) .

Where the language of the contract is clear and unambiguous, its literal meaning controls the outcome of contract disputes.  Where a contractual provision is ambiguous, that is, susceptible to more than one reasonable interpretation, and the parties' intent cannot be determined by a literal interpretation of the language or pertinent rules of construction, the legal meaning of the contract becomes a question of fact.  Planters Gin Co., 78 S.W.3d at 890.

We agree with the trial court's apparent interpretation that the phrase "legal proceeding thereon" contained in the forum selection provision of the Attorney Provider Agreements refers to any proceeding for breach of or to enforce the provisions of those agreements.  In our view, the language is clear and unambiguous with regard to that issue.  We disagree, however, with the trial court's application of that interpretation to the Second Amended Complaint.

Blackburn & McCune asserts and Pre-Paid acknowledges in its brief that the April 1998 administrative services agreement is a separate stand-alone contract.  Pre-Paid and Pre-Paid of Tennessee, Inc., do not contend this agreement is an addendum to, or that it amends or varies the Attorney Provider Agreements.  As a stand-alone contract any legal action with regard to it are not subject to the forum selection clause contained in the Attorney Provider Agreements unless Blackburn & McCune has based its claims on allegations that the actions of Pre-Paid and Pre-Paid Legal Services of Tennessee, Inc. with regard to the 1998 administrative services agreement were a breach of the Attorney Provider Agreements.

We have reviewed the claims contained in Blackburn & McCune's second amended complaint and find that its claims relating to the 1998 administrative services agreement are not based upon a breach of the Attorney Provider Agreements. In essence, the allegations of Blackburn & McCune are that it was fraudulently induced to enter the 1998 administrative services agreement and, absent that agreement, it would have received those services from Pre-Paid free of charge. In reviewing the trial court's granting the motion to dismiss, we must accept that allegation as true. Pre-Paid and Pre-Paid Legal Services of Tennessee, Inc. allege the allegation that Blackburn & McCune "should" have received those services free of charge is based upon the Attorney Provider Agreements. We have reviewed those agreements and find no provision relating to the delivery of administrative services by Pre-Paid or Pre-Paid Legal Services of Tennessee, Inc.. We do find a provision that states:

> "[Blackburn & McCune] states and agrees that no representations or promises, other than those expressly set forth herein in writing, were made to induce the [Blackburn & McCune] to enter into this Agreement. [Blackburn & McCune] understands that any such representations, promises or other inducements not expressly set forth in this instrument are non-binding and shall have no effect whatsoever upon the relationship of the parties."

The claims of Blackburn & McCune are based upon allegations of fraud, misrepresentation and a violation of public policy. Contrary to the assertions of the trial court, the measure of damages is not based upon the Attorney Provider Agreements but upon the fees charged by Pre-Paid and Pre-Paid Legal Services of Tennessee, Inc. pursuant to the 1998 administrative services agreement. We agree with the trial court that Blackburn & McCune's claims based upon a breach of fiduciary duties of Pre-Paid are founded on the relationship established between the parties by the Attorney Provider Agreements. In our view, however, the claims asserted by Blackburn & McCune are not and could not successfully be raised as a breach of that agreement and, therefore, this action is not a "legal proceeding had thereon" referred to the Attorney Provider Agreements. Consequently, we find it was error for the trial court to have dismissed the claims of Blackburn & McCune based upon the forum selection clause contained in those agreements.

## IV. CONCLUSION

We reverse the judgment of the trial court dismissing the suit brought by Blackburn & McCune. This matter is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are assessed to Pre-Paid Legal Services, Inc., and Pre-Paid Legal Services of Tennessee, Inc.

_____
DONALD P. HARRIS, SENIOR JUDGE