IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 23, 2011 Session

## HARRISON A. AZARI v. GREYHOUND BUS STATION, NASHVILLE, TENNESSEE

Appeal from the Circuit Court for Davidson County
No. 10C2539      Amanda Jane McClendon, Judge

No. M2010-02473-COA-R3-CV - Filed August 24, 2011

Plaintiff filed a complaint in 2010 against the owner of a bus line alleging security guards assaulted him while he was waiting for a bus in 2003. The defendant filed a motion to dismiss on the grounds that the statute of limitations barred the plaintiff's action. The trial court granted the motion to dismiss and the plaintiff appealed. We affirm the trial court's judgment because Tenn. Code Ann. §28-3-104(a)(1) requires a plaintiff suing for personal injuries to file his complaint within one year of the date of the alleged assault resulting in injuries.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Harrison Ayamekhue Azari, Nashville, Tennessee, Pro Se.

Ronald Wayne McAfee, Memphis, Tennessee, for the appellee, Greyhound Bus Station, Nashville, Tennessee.

## OPINION

### I. BACKGROUND

Harrison A. Azari filed a complaint on July 7, 2010, asserting he was assaulted on July 16, 2003, by two security officers while he was in the Greyhound Bus Station in Nashville, Tennessee. Mr. Azari alleged he was hospitalized as the result of this assault and that he suffered physical and emotional damages. Mr. Azari sought to recover compensatory and punitive damages from Greyhound Lines, Inc. ("GLI") for the alleged acts of its employees.

GLI moved to dismiss Mr. Azari's complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6) on the basis that the one-year statute of limitations for personal injury claims barred Mr. Azari's action from proceeding. The trial court held a hearing to consider GLI's motion and granted GLI the relief it requested, dismissing Mr. Azari's complaint. The court wrote:

> Under Tennessee Code Annotated 28-3-104, the Tennessee statute of limitations for personal injuries is one year. Plaintiff alleges in his complaint that he was injured in the bus station incident that occurred on July 16, 2003, but did not file the present action until July 7, 2010, well after the statute of limitations had run.
>
> His claim is barred by the statute of limitations on its face, fails to state a claim upon which relief can be granted and is subject to dismissal pursuant to Tennessee Rule of Civil Procedure 12(b)(6).

## II. ANALYSIS

The issue whether the trial court erred in granting GLI's motion to dismiss involves a question of law, which we review on appeal *de novo*, with no presumption of correctness. *Jones v. Professional Motorcycle Escort Service, LLC*, 193 S.W.3d 564, 567 (Tenn. 2006) (citing *Conley v. State*, 141 S.W.3d 591, 594–95 (Tenn. 2004) and *Leach v. Taylor*, 124 S.W.3d 87, 90 (Tenn. 2004)). The Tennessee Supreme Court recently set forth the standard for reviewing a trial court's judgment granting a motion to dismiss for failure to state a claim for which relief can be granted:

> A Rule 12.02(6) motion under the Tennessee Rules of Civil Procedure seeks to determine whether the pleadings state a claim upon which relief may be granted. *Edwards v. Allen*, 216 S.W.3d 278, 284 (Tenn. 2007). Such a motion tests only the legal sufficiency of the complaint, not the strength of the proof. The resolution of the motion is determined by an examination of the pleadings alone. *Cook ex rel. Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994) (citing *Wolcotts Fin. Servs., Inc. v. McReynolds*, 807 S.W.2d 708, 710 (Tenn.Ct.App. 1990)).

*Highwoods Properties, Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009).

GLI moved to dismiss Mr. Azari's complaint on the basis that the statute of limitations barred his action from proceeding against GLI. The statute of limitations to recover damages for personal injuries is set forth in Tennessee Code Annotated §28-3-104, which provides in

pertinent part:

> (a) The following actions shall be commenced within one (1) year after the cause of action accrued:
>
> (1) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, breach of marriage promise; . . .

Mr. Azari alleges in his complaint that he was assaulted on July 16, 2003. Pursuant to the express terms of Tenn. Code Ann. §28-3-104(a)(1), Mr. Azari was required to file his complaint against GLI no later than July 15, 2004. Instead, however, he waited to file his complaint until July 7, 2010, nearly six years later. Even if the discovery rule were to apply, which it does not under the circumstances of this case, Mr. Azari would have been required to file his complaint by July 15, 2006. *See* Tenn. Code Ann. §29-26-116 (if injury is not discovered within one-year period, statute of limitations is one year from discovery, but in no event shall the limitations period be more than three years).

Under these circumstances, we affirm the trial court's judgment dismissing Mr. Azari's complaint. *See Howard v. Kindred Nursing Centers Ltd. P'ship*, 2006 WL 2136466, at *5-6 (Tenn. Ct. App. Aug. 2, 2006) (trial court properly dismissed plaintiffs' claims for personal injuries where complaint was not filed until four years after alleged event causing the injuries). The complaint on its face fails to state a claim for relief.

## III. CONCLUSION

The trial court's judgment dismissing Mr. Azari's complaint is affirmed. Costs of this appeal shall be taxed to Mr. Azari.

_____
PATRICIA J. COTTRELL, JUDGE
