IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 4, 2014 Session

## SAMUEL E. FOSTER ET AL. V. WALTER WILLIAM CHILES, III, M.D. ET AL.

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Circuit Court for Knox County**
**No. 122712     Dale C. Workman, Judge**

_____

### No. E2012-01780-SC-R11-CV - **Filed January 27, 2015**

_____

GARY R. WADE, J., dissenting.

Tennessee Code Annotated section 29-26-121(a)(1) provides that any person who has a potential claim for health care liability must serve written notice on each defendant at least sixty days before filing a complaint. In this case, the Court of Appeals held that Samuel E. Foster and his wife, Mary Foster (collectively, the "Plaintiffs"), complied with the plain language of this statute by sending notices of their potential claims well over sixty days prior to filing their complaint. Because I believe that the Court of Appeals properly interpreted the statute, I respectfully disagree with the conclusion reached by my colleagues and would remand this action for a trial on the merits rather than dismiss without prejudice to the filing of a third complaint.

### I. Facts and Procedural History

In November of 2009, Samuel Foster underwent a urological procedure at Parkwest Medical Center, which allegedly resulted in serious complications. On November 18, 2010, the Plaintiffs sent notices of potential health care liability claims to Dr. Walter Chiles, the physician primarily responsible for the procedure, and also to Dr. Gordon Collins, the Knoxville Urology Clinic, the Anesthesia Medical Alliance of East Tennessee, and Parkwest Medical Center (collectively, the "Defendants"). On March 17, 2011, the Plaintiffs timely filed their first lawsuit, in which Mr. Foster asserted health care liability claims based on the November 2009 procedure and Mrs. Foster asserted a claim for loss of consortium. On May 6, 2011, the Plaintiffs filed a voluntary nonsuit, which resulted in a dismissal without prejudice. See Tenn. R. Civ. P. 41.01(1).

On May 4, 2012, within one year after the dismissal of the first suit, the Plaintiffs re-filed the same claims in a second lawsuit, as is permitted by the saving statute, see Tenn. Code Ann. § 28-1-105(a). The Plaintiffs did not send a second notice to the Defendants prior to the re-filing. Upon motion by the Defendants, the trial court dismissed the second lawsuit because of the Plaintiffs' failure to send an additional notice of the same claims. The Court of Appeals reversed, holding that the clear and unambiguous language of section 29-26-121(a)(1) requires notice of the potential claims before suit, that the Plaintiffs had provided notice within the prescribed period of time, and that the Defendants had "clearly" received notice of the potential claims:

> [The] Plaintiffs, who are "persons asserting a potential claim for health care liability," provided "written notice of the[ir] potential claim" more than sixty days before May 4, 2012, the date on which they filed their second complaint. The second complaint asserted the identical cause[s] of action alleged against the same defendants in the first complaint.
>
> . . . . The Supreme Court stated in Myers [v. AMISUB (SFH), Inc.] that "[t]he essence of Tennessee Code Annotated section 29-26-121 is that a defendant be given notice of a medical malpractice claim before suit is filed." 382 S.W.3d [300, 309 (Tenn. 2012)]. Thus, the fact that [the] Plaintiffs' voluntary nonsuit ended the first lawsuit and their re-filing under the saving statute started a new one begs the fundamental and dispositive question: were the defendants given notice of this health care liability action before the second complaint was filed? The answer is clearly "yes." The clear and unambiguous language of [section 29-26-121(a)(1)], as parsed above, supports this conclusion. The [P]laintiffs here did not attempt, in their second complaint, to assert different or additional causes of action, nor did they add new defendants—ones that did not receive notice prior to the first complaint. We again stress that the parties and the causes of action in the two complaints are identical. We hold that, under the undisputed facts, [the P]laintiffs complied with the notice requirement of [section] 29-26-121 by providing written notice to the potential defendants of the [P]laintiffs' potential claim for health care liability—as brought to fruition in the second complaint—more than sixty days before they filed their second action.

Foster v. Chiles, No. E2012-01780-COA-R3-CV, 2013 WL 3306594, at *3-4 (Tenn. Ct. App. June 27, 2013) (second and sixth alterations in original). The majority of this Court has rejected the interpretation of the Court of Appeals, holding that the plain language of the statute requires a second notice when a health care liability claim is re-filed pursuant to the saving statute. I am unable to interpret the statute in that manner.

## II. Analysis

In pertinent part, the pre-suit notice statute provides as follows: "Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant before the filing of a complaint . . . ." Tenn. Code Ann. § 29-26-121(a)(1). The statute further sets out the content requirements of the notice, which include the full name and date of birth of the patient; the name and address of the claimant if different than the patient; the name and address of the attorney, if applicable; the names and addresses of the providers receiving the notice; and a HIPAA compliant medical authorization to obtain all medical records. Id. § 29-26-121(a)(2)(A)–(E). Substantial compliance is required as to the content requirements. Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc., 418 S.W.3d 547, 555 (Tenn. 2013). The statute deems the requirement of serving notice to be met if, "within the statutes of limitations and . . . repose," the plaintiff serves the notice by personal delivery or mail and provides proof of service in the manner specified by the statute. Tenn. Code Ann. § 29-26-121(a)(3)–(4). None of these requirements as to form, content, or service would appear to bar the claims at issue.[1]

To the point, section 29-26-121(a)(1) simply requires that a plaintiff provide written notice of each "potential claim" for health care liability. Here, the Plaintiffs did so at least sixty days before they filed either of their complaints, thereby satisfying the terms of the statute. Our saving statute permits the re-filing of a claim after a voluntary nonsuit, Tenn. Code Ann. § 28-1-105(a), as the Plaintiffs did in this instance. A voluntary nonsuit is not unusual, especially in a health care liability action, and does not affect a defendant's prior notice of a plaintiff's "potential claim." The Plaintiffs' second action was based upon the same claims set out in the prior notice. Given the Defendants' awareness of the Plaintiffs' potential claims following the voluntary nonsuit, nothing prevented the Defendants from pursuing settlement negotiations before the commencement of the second action. Moreover, nothing in section 29-26-121 requires a second notice when a plaintiff re-files the same claim in a new lawsuit. Nor does the statute provide that notice of a potential claim shall lapse or become void following the voluntary dismissal of a suit without prejudice. Under these circumstances, I believe that the Court of Appeals properly concluded that the Plaintiffs had complied with both the letter and the spirit of section 29-26-121(a)(1). Foster, 2013 WL 3306594, at *3-4.

---

[1] The Defendants have claimed for the first time on appeal that the Plaintiffs' medical authorization is inadequate because it was set to expire "whenever [Mr. Foster's] litigation ends." The Defendants waived consideration of this issue by failing to present it to the trial court. Lawrence v. Stanford, 655 S.W.2d 927, 929 (Tenn. 1983) ("It has long been the general rule that questions not raised in the trial court will not be entertained on appeal . . . .").

-3-

As a matter of state public policy, this Court has recognized that "[d]ismissals based on procedural grounds . . . run counter to the judicial system's general objective of disposing of cases on the merits." Henry v. Goins, 104 S.W.3d 475, 481 (Tenn. 2003); see also Tenn. Dep't of Human Servs. v. Barbee, 689 S.W.2d 863, 866 (Tenn. 1985) ("'[T]he interests of justice are best served by a trial on the merits . . . .'" (quoting SEC v. Seaboard Corp., 666 F.2d 414, 417 (9th Cir. 1982))). The general policy in favor of the resolution of disputes on the merits is reflected in both the Tennessee Rules of Civil Procedure and the Tennessee Rules of Appellate Procedure. See Tenn. R. App. P. 1 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every proceeding on its merits." (emphasis added)); Jones v. Prof'l Motorcycle Escort Serv., L.L.C., 193 S.W.3d 564, 572 (Tenn. 2006) ("The Tennessee Rules of Civil Procedure are intended 'to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties.'" (quoting Karash v. Pigott, 530 S.W.2d 775, 777 (Tenn. 1975))). In my view, the dismissal of this action under these circumstances conflicts with the principle that disputes should be decided on their merits whenever possible. The dismissal will perhaps preclude, and will certainly delay, resolution of the ultimate issue—whether the Defendants breached their duty of care to Mr. Foster.

### III. Conclusion

It is of some comfort that the majority has chosen to dismiss this action without prejudice, indicating that the Plaintiffs may send another pre-suit notice, as redundant as it may be, and ultimately file a third complaint:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff . . . may, from time to time, commence a new action within one (1) year after the reversal . . . .

Tenn. Code Ann. § 28-1-105(a) (emphasis added). Although the maxim "justice delayed is justice denied" may not precisely apply in this instance, the majority ruling, in my opinion, encourages procedural dismissals, time-consuming appeals, inordinate legal expenses, and needless re-filings. I would affirm the judgment of the Court of Appeals and allow the case to proceed to trial.

_____
GARY R. WADE, JUSTICE